**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

_____

BRIAN KEITH BRAGG,                         :   Civil Action No. 10-2249 (JAP)
                                           :
         Plaintiff,                :
                                           :
           v.                 :            **O P I N I O N**
                                           :
GARY M. LANIGAN, et al.,                   :
                                           :
         Defendants.               :
_____

**APPEARANCES:**

Brian Keith Bragg, <u>Pro Se</u>
# 648827
Northern State Prison
P.O. Box 2300
Newark, NJ 07114

**PISANO, District Judge**

    Plaintiff, Brian Keith Bragg, currently confined at the Northern State Prison, Newark, New Jersey, seeks to bring this action alleging violations of his constitutional rights <u>in forma pauperis</u>, without prepayment of fees pursuant to 28 U.S.C. § 1915.  At this time, the Court must review the amended complaint (docket entry 3), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the following reasons, Plaintiff's amended complaint will be dismissed.

## BACKGROUND

Plaintiff seeks to sue various administrators and officers at the New Jersey State Prison ("NJSP"), where he was confined at the time he filed this action.[1]  Plaintiff states that he is suing on his behalf, and on behalf of "other similarly situated inmates," because NJSP "has a pattern and practice of the use of excessive force."  (Am. Complt., ¶ 2).  First, Plaintiff complains about the "MCU,"[2] in that "newly-admitted inmates are not interviewed, tested, classified or screened for any medical or mental health issues before being confined to MCU," that they do not have access to jobs or training, that they are locked in their cells 24 hours a day, and that there are no surveillance cameras.  (Am. Complt., ¶¶ 3-6).

---

[1]     In his original complaint, Plaintiff names himself and Jason Grochow as Plaintiffs.  In the amended complaint, which is the instant complaint subject to review by this Court, Plaintiff names himself only as a plaintiff in the caption, and is the only person who signed the complaint.  However, in a "motion to amend the plaintiffs," filed on May 28, 2010 (docket entry 4), Bragg seeks to add Bernard Jenkins and Carlos Moore as plaintiffs.  However, as neither Grochow, Jenkins, or Moore filed applications to proceed in forma pauperis.  Because he did not file an application to proceed in forma pauperis, Grochow will be dismissed from this action, without prejudice.  Because this Court is dismissing the amended complaint, Plaintiff's motion to amend to add Jenkins and Moore as Plaintiffs will be dismissed as moot, without prejudice.

[2]     This Court assumes Plaintiff refers to the Management Control Unit at the New Jersey State Prison.

Plaintiff asserts that:

. . . for years the Defendants, through assessment of
data, statistics, lawsuits, citizen complaints, and
adverse publicity, were put on notice that NJSP
correctional staff and supervisors had a custom or
unwritten policy of unnecessary use of deadly,
physical, mechanical, or chemical force against its
inmates.

(Am. Complt., ¶ 7).

Plaintiff further claims that the named defendants, Gary
Lanigan (the Commissioner of the Department of Corrections),
Michelle Ricci (the Administrator of NJSP), William Moleins (the
Associate Administrator of NJSP), Christopher Holmes and James
Drumm (Assistant Superintendents of NJSP), failed to act and were
the moving force behind the "acts of violence" at NJSP. (Am.
Complt., ¶ 7). Plaintiff states that there is a "wall of
silence" at NJSP (Am. Complt. ¶ 8), and that staff and
supervisors turn "a blind eye or deaf ear when inmates are
beaten, intimidated, or mistreated by fellow officers." (Am.
Complt., ¶ 9). Plaintiff asserts that new recruits are trained
in these coercive techniques and are taught to condone illegal
acts. (Am. Complt., ¶ 10).

Next, Plaintiff complains that the Special Investigations
Division ("SID"), "the decision makers investigating misconduct
complaints concerning NJSP correctional staff," act
unconstitutionally. Plaintiff bases this on the fact that over
3000 inmate remedy forms are filed alleging inadequate medical

and mental health services, and other conditions claims, and that the investigators have a greater degree of lawlessness having "come up through the chain-of-command ladder." (Am. Complt., ¶ 11). Plaintiff contends that "after they [were] viciously attacked by Defendants 1-1000 correctional officers, the internal SID investigators always manipulated the outcome of the investigation to cover up the unlawful conditions and pattern and practice of excessive use of force prevailing at NJSP." (Am. Complt., ¶ 12). Plaintiff asserts that inmates continue to be attacked and that unlawful conditions and "cover ups" continue; that defendants and SID investigators fail to bring about change or control defective policies and practices; that correctional officers failure to make rounds makes attacks on inmates reasonably foreseeable; that "plaintiffs are in daily fear for their safety, health, and life from Defendants 1-1000 correctional officers and supervisors at NJSP." (Am. Complt., ¶¶ 13-17).

Plaintiff argues that the above-referenced facts support a claim for a state-created danger under Kneipp v. Tedder, 95 F.3d 1199, 1208 (3d Cir. 1996). He asks for monetary and injunctive relief. In a motion filed in June of 2010, Plaintiff requested a temporary restraining order (docket entry 7).

**DISCUSSION**

**A.     Standards for *Sua Sponte* Dismissal**

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), because Plaintiff is a prisoner and is proceeding as an indigent.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

Recently, the Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009).  The Court examined Rule

8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Citing its recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." See id. at 1948.  The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. See id. at 1949-50; see also Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009).

**B.   Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within

the jurisdiction thereof to the deprivation of any
rights, privileges, or immunities secured by the
Constitution and laws, shall be liable to the party
injured in an action at law, suit in equity, or other
proper proceeding for redress....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.  Plaintiff's Claims Must Be Dismissed.**

While the use of excessive force in the prison setting can never be condoned, as it violates the Eighth Amendment to the United States Constitution, here, Plaintiff's claims concerning an unwritten policy of excessive force against inmates in NJSP must be dismissed, without prejudice.  Plaintiff sets forth no facts concerning the basis for his allegations.  Plaintiff does not assert that he has been the victim of excessive force; nor does he allege any facts whatsoever of excessive force incidents at NJSP.  Likewise, Plaintiff does not claim that he has ever spent time in the MCU, or name any SID investigator as having violated his constitutional rights.  Although Plaintiff refers vaguely to excessive force and other violations, he does not name any corrections officers or assert any personal instances of

7

adverse actions.  Plaintiff's statements are conclusive, with no factual support.  As noted, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555).

As explained by the Court of Appeals for the Third Circuit, "the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading stage[ ]' but . . . 'calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 230-34 (internal citations omitted).  In this case, Plaintiff has not presented enough facts to raise a reasonable expectation that discovery will reveal evidence of the claims.  Here, Plaintiff makes conclusory statements concerning the alleged problems at NJSP.

Therefore, this Court will dismiss this complaint, without prejudice, subject to Plaintiff moving to reopen his case.  Such motion must include an amended complaint, in accordance with the attached Order.[3]

---

[3]    Although Plaintiff seeks to assert claims "on behalf of all situated similar inmates confined at New Jersey State Prison," (Am. Complt., p. 1), Plaintiff lacks standing to assert claims on behalf of other prisoners.  See Warth v. Seldin, 422 U.S. 490, 499 (1975) (a "plaintiff generally must assert his own

D.   **State-Created Danger Claim**

Plaintiff relies on Kneipp v. Tedder, 95 F.3d 1199 (3d Cir. 1996), for the proposition that defendants are creating a danger in violation of the Due Process Clause.

It is well-established that "a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." DeShaney v. Winnebago County Dep't of Social Services, 489 U.S. 189, 197 (1989). Notwithstanding, "in certain limited circumstances the Constitution imposes upon the State affirmative duties of care and protection with respect to particular individuals." Id. at 198.

One exception to the general rule is "where the State has created or exacerbated the danger which a third party poses to the plaintiff." Nannay v. Rowan College, 101 F. Supp.2d 272, 285 (D.N.J. 2000).  "When state actors knowingly place a person in danger, the due process clause of the constitution . . . render[s] them accountable for the foreseeable injuries that

---

legal rights and interests, and cannot rest his claim to relief
on the legal rights or interests of third parties").  Nor has
Plaintiff demonstrated that he would be an adequate "class
representative" under Fed. R. Civ. P. 23 ("Class Actions").
Accordingly, any motion to reopen must include a proposed amended
complaint asserting Plaintiff's individual claims against the
named defendants.

result from their conduct." <u>Mark v. Borough of Hatboro</u>, 51 F.3d 1137, 1151 (3d Cir.), <u>cert.</u> <u>denied</u>, 516 U.S. 858 (1995). Liability under the Due Process Clause may be imposed "where the harm-though at the hands of a private actor- is the product of state action that legitimately can be characterized as affirmative conduct." <u>Id.</u>

In <u>Bright v. Westmoreland County</u>, the Third Circuit re-established the four-part test to determine if a state-created danger exists in a given case:

> (1) "the harm ultimately caused was foreseeable and fairly direct;"
>
> (2) a state actor acted with a degree of culpability that shocks the conscience;
>
> (3) a relationship between the state and the plaintiff existed such that "the plaintiff was a foreseeable victim of the defendant's acts" or a "member of a discrete class of person subject to the potential harm brought about by the state's actions," as opposed to a member of the public in general; and
>
> (4) a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all.

<u>Bright v. Westmoreland County</u>, 443 F.3d 276, 281 (3d Cir. 2006)(internal citations and footnotes omitted), <u>cert.</u> <u>denied</u>, 549 U.S. 1264 (2007); <u>see</u> <u>also</u> <u>Kneipp v. Tedder</u>, 95 F.3d 1199, 1208 (3d Cir. 1996)(citations omitted).  In <u>Kneipp</u>, the Third Circuit noted that "the cases where the state-created danger theory was applied were based on discrete, grossly reckless acts

10

committed by the state or state actors using their peculiar positions as state actors, leaving a discrete plaintiff vulnerable to foreseeable injury."  95 F.3d at 1208 (citations omitted).  Further, the Court of Appeals for the Third Circuit has noted that "negligent behavior can never rise to the level of conscience shocking."  Kaucher v. County of Bucks, 455 F.3d 418, 426 (3d Cir. 2006)(citing County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998)).

In this case, the Court notes that the acts Plaintiff complains of appear to be acts committed by state actors, themselves, as opposed to the scenario in Mark, 51 F.3d at 1151, where the harmful acts are committed by private actors, but are due to state action.  In addition, Plaintiff's allegations that officers are not "doing rounds" as they should fails to support a state-created danger theory, as Plaintiff fails to allege facts indicating the existence of the four Bright factors as outlined above.  As noted, Plaintiff does not assert any facts of incidents at NJSP, except to say that excessive force is prevalent.  He has not alleged that any harm was even caused, that any state actor acted with a degree of culpability, or that any state actor affirmatively used authority to create a danger.

Because Plaintiff has failed to establish a Fourteenth Amendment violation, his claim must be dismissed for failure to state a claim upon which relief may be granted.  However, the

dismissal will be without prejudice to Plaintiff filing a motion to reopen the case an file the complaint that addresses the deficiencies as outlined above, in accordance with the attached order.

**E.    Temporary Restraining Orders ("TRO")**

To secure the extraordinary relief of a preliminary injunction or TRO, Plaintiff must demonstrate that "(1) he is likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendants; and (4) granting the injunction is in the public interest." Maldonado v. Houston, 157 F.3d 179, 184 (3d Cir. 1998), cert. denied, 526 U.S. 1130 (1999) (as to a preliminary injunction); see also Ballas v. Tedesco, 41 F. Supp.2d 531, 537 (D.N.J. 1999) (as to temporary restraining order).  A plaintiff must establish that all four factors favor preliminary relief.  See Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187 (3d Cir. 1990).

Here, Plaintiff's request for a TRO must be denied at this time because he has failed to demonstrate any of the four factors necessary for such an extraordinary remedy.  As noted above, Plaintiff's complaint, as pled, fails to state a claim upon which relief may be granted.  Therefore, his request for a TRO will also be dismissed without prejudice.

12

## **CONCLUSION**

For the reasons set forth above, the complaint must be dismissed, without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim. Plaintiff may file a motion to reopen the case in order to address the deficiencies of his claims, as outlined in this opinion.  In particular, Plaintiff must provide additional facts to support his claim regarding the use of excessive force at NJSP.

An appropriate order closing this case accompanies this opinion.  Plaintiff's pending motions will also be dismissed, without prejudice, as moot.  Should Plaintiff's case be reopened in the future, he may then request the Court to consider his motions.


/s/ JOEL A. PISANO
JOEL A. PISANO
United States District Judge

Dated:     February 25, 2010

13