**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
                                   :
BRIAN KEITH BRAGG,          :   Civil Action No. 10-2249 (JAP)
                                   :
           Plaintiff,     :
                                   :
           v.               :    **O P I N I O N**
                                   :
GARY M. LANIGAN, et al.,      :
                                   :
           Defendants.    :
_____:

**APPEARANCES:**

Brian Keith Bragg, <u>Pro</u> <u>Se</u>
# 648827
Northern State Prison
P.O. Box 2300
Newark, NJ 07114

**PISANO, District Judge**

    Before this Court is Plaintiff, Brian Keith Bragg's, motion to reopen this civil rights case (docket entry 13). On May 5, 2010, Plaintiff filed a complaint (docket entry 1), and on May 27, 2010, Plaintiff filed an amended complaint (docket entry 3). On February 25, 2011, this Court entered an Opinion and Order dismissing the amended complaint without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief could be granted. On March 7, 2011, Plaintiff filed a motion to reopen and amend complaint (docket entry 13), which remains pending.

Although not labeled as such, construed liberally, Plaintiff's motion includes a proposed second amended complaint. After review of the proposed second amended complaint, this Court will grant the motion to reopen, and allow Plaintiff's excessive force claims to proceed.  All other claims will remain dismissed.

## DISCUSSION

### A.   Plaintiff's Excessive Force Claim

The facts asserted by Plaintiff in previous filings will not be repeated here.  However, this Court points out relevant facts relayed in Plaintiff's second amended complaint.

In screening Plaintiff's first amended complaint, this Court found that, although Plaintiff asserted that many inmates were victims of excessive force at the New Jersey State Prison at the time he was housed there, Plaintiff had not alleged any facts indicating that he, himself, had been a victim of excessive force.  Therefore, this Court dismissed his excessive force claim, without prejudice.  (Opinion, docket entry 11).  In his second amended complaint, attached to the motion to reopen, Plaintiff asserts that he was a victim of excessive force on March 16, 2010 when he "was viciously attacked by State Correctional Officer Jason Holder and two John Doe officers who wihtout provocation (hand-cuffed) beat Plaintiff with their night sticks, fists and kicked and stomped [Plaintiff] with their boots, and injured Plaintiff so severely that he needed to be in

2

the prison infirmary for 7 days." (Plaintiff's Motion to Amend
Complaint, docket entry 13, ¶ 4).

In the February 25, 2011 Opinion, this Court set forth the
law concerning excessive force claims. For the reasons set forth
in that Opinion, this Court finds that Plaintiff's excessive
force claims against defendant Holder shall proceed, and
defendant Holder will be ordered to answer the claims. This
Court will issue an Order directing the Clerk of the Court to add
defendant Holder to the docket, and to serve defendant Holder
with Plaintiff's pleading.

**B.** **Plaintiff's Other Claims**

As set forth in the February 25, 2011 Opinion, in screening
a complaint, the Court looks to the guidance set forth by the
United States Supreme Court in Ashcroft v. Iqbal, 129 S. Ct. 1937
(2009). In that case, the Supreme Court cited its opinion in
Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the
proposition that "[a] pleading that offers 'labels and
conclusions' or 'a formulaic recitation of the elements of a
cause of action will not do.'" Iqbal, 129 S. Ct. at 1949
(quoting Twombly, 550 U.S. at 555). The Supreme Court held that,
to prevent a summary dismissal, a civil complaint must now allege
"sufficient factual matter" to show that the claim is facially
plausible. This then "allows the court to draw the reasonable
inference that the defendant is liable for the misconduct

alleged." <u>See id</u>. at 1948.  The Supreme Court's ruling in <u>Iqbal</u> emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible.  <u>See id.</u> at 1949-50; <u>see also</u> <u>Twombly</u>, 505 U.S. at 555, & n.3; <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203 (3d Cir. 2009).

In his proposed second amended complaint, Plaintiff again seeks to assert the claims of other inmates who were allegedly attacked at New Jersey State Prison during their confinement in MCU.  As noted in the February 25, 2011 Opinion, these inmates have neither signed the complaint(s) nor submitted applications to proceed <u>in forma pauperis</u>; therefore, they will not be considered parties to this action.

Plaintiff further asserts in the proposed second amended complaint, as he did in his first amended complaint, that defendant Lanigan, the Commissioner of the Department of Corrections, and defendant Ricci, the Warden of the New Jersey State Prison, are liable to him because they "did absolutely nothing to prevent plaintiff or other inmates being beaten on the MCU."  (Proposed Second Amended Complaint, docket entry 13, ¶ 15).  Plaintiff states that defendants Lanigan and Ricci, "had a duty to Plaintiff and other inmates to act with reasonable care in confining Plaintiff and other inmates in a safe environment," and that they breached the duty.  (<u>Id.</u> ¶ 21).

4

Again, as with the first amended complaint, Plaintiff fails to demonstrate more than a legal conclusion or a formulaic recitation of a cause of action.  Plaintiff's claims against defendants Lanigan and Ricci in the proposed second amended complaint are based solely on a theory of <u>respondeat</u> <u>superior</u>, <u>see</u> <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988)("A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of <u>respondeat</u> <u>superior</u>.  Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence.")(citations omitted), and do not meet the pleading requirements of <u>Iqbal</u>.

<b><u>CONCLUSION</u></b>

Based on the foregoing, this Court hereby grants the motion to reopen.  The excessive force claim against defendant Holder, named in the proposed second amended complaint, is permitted to proceed.  All other claims, plaintiffs, and defendants will be dismissed from this action.

An appropriate Order accompanies this Opinion.


                                    <u>/s/ JOEL A. PISANO</u>
                                    JOEL A. PISANO
                                    United States District Judge

Dated: October 31, 2011